# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 11-1994

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Larry William Boyer, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

—————

Submitted: July 22, 2011
Filed: July 26, 2011

—————

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

—————

PER CURIAM.

In this direct criminal appeal, Larry William Boyer appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to theft of government money, in violation of 18 U.S.C. § 641. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the district court's decision to impose a term of imprisonment. Counsel has also moved to withdraw.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

We conclude that the district court did not commit any procedural error in sentencing Boyer, and imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness). Nothing in the record indicates that the district court failed to consider a relevant sentencing factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____